**SOUTHERN ENVIRONMENTAL LAW CENTER**

2829 2nd Avenue South, Suite 282
Birmingham, AL 35233

Telephone 205-745-3060
Facsimile 205-745-3064

September 12, 2025

Mr. David J. Smith
Clerk of Court
U. S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

    Re:    **No. 24-12682-C, *Mobile Baykeeper, Inc. v. Alabama Power Co.* –**
            **Supplemental Authority**
            **(Oral Argument Scheduled for September 18, 2025)**

Dear Mr. Smith:

    *Maron v. Chief Financial Officer of Florida*, issued after briefing concluded, confirms Alabama Power's arguments fail. 136 F.4th 1322 (11th Cir. 2025).

    Alabama Power questions redressability by suggesting a state permit could prevent court-ordered compliance with federal regulations. Doc. 26 at 56. But this Court explained that on a 12(b)(6) motion, the court must credit the complaint's allegations and evaluate whether a favorable decision makes relief "more likely":

> The State argues that even if a court [ruled for plaintiffs], the Marons still may not receive the accrued earnings because they may ultimately fail to establish entitlement to the refund when they file a claim with the Department. But because the State brought a facial 12(b)(6) jurisdictional attack, and because whether the Marons owned the refund implicates the merits, their complaint's allegation that the refund was theirs is to be taken as true.

*Maron,* 136 F.4th at 1331.

    Here, the Complaint sets out that requiring Alabama Power to stop its polluting closure and put forward a closure plan to separate its coal ash from water, as the federal rule requires, would redress Baykeeper's injuries. *See* Doc. 21 at 30–32. That establishes redressability.

Charlottesville    Chapel Hill    Atlanta    Asheville    Birmingham    Charleston    Nashville    Richmond    Washington, DC

Meanwhile, the district court's mistaken assumptions about when relief would benefit Baykeeper involved the merits of when the closure standards take effect, but "[w]hen an attack on subject matter jurisdiction implicates an element of a cause of action, we . . . assume the element is satisfied[.]" *Maron*, 136 F.4th at 1329. The court should have done so here. *See* Doc. 21 at 35–37; 51–55.

Finally, the court speculated that the possibility of a future change to the closure plan or state permit made this case unripe. *See id.* at 46–50. But this case is fit for decision because the complaint, taken as true, "alleged enough" for the court to "assess" that there is a violation. *Maron*, 136 F.4th at 1332. And hardship exists where injuries increase "[t]he longer judicial review is delayed," *id.*, as the ongoing pollution injuries do here. *See* Doc. 21 at 42–46.

Accordingly, *Maron* supports reversal on standing and ripeness.

                      Respectfully submitted,

                      */s/ Nicholas S. Torrey*

                      Nicholas S. Torrey
                      *One of the Attorneys for Appellant*
                      *Mobile Baykeeper*

cc: Counsel of Record (via CM/ECF)

## CERTIFICATE OF COMPLIANCE

      I certify that this letter complies with the word limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 350 words according to the word-count function of Microsoft Word.

                /s/ *Nicholas S. Torrey*
                Nicholas S. Torrey
                Southern Environmental Law Center