
ED R. HADEN
t:  +1 (205) 226-8795
f:  +1 (205) 226-8799
e:  ehaden@balch.com

September 14, 2025

Mr. David J. Smith, Clerk of Court
Eleventh Circuit Court of Appeals
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

>  **Re:   Nos. 24-12682-C, *Mobile Baykeeper, Inc. v. Alabama Power Company* - Response to Baykeeper's Supplemental Authority Letter About *Maron v. Chief Financial Officer of Florida*, 136 F. 4th 1322 (11th Cir. 2025)**
>  **(Oral Argument Scheduled for September 18, 2025)**

Dear Mr. Smith:

*Maron v. Chief Financial Officer of Florida*, 136 F.4th 1322 (11th Cir. 2025), confirms the correctness of the District Court's decision dismissing Baykeeper's case.  First, Baykeeper notes that this case rejected an argument concerning redressability that "implicate[d] the merits," because, for standing purposes, merits allegations must be "taken as true." *Id.* at 1331.  But Alabama Power's standing argument does not "implicate the merits" of Baykeeper's claims—that the existing closure plan violates the CCR Rule. (Doc.1-Pg.16.)

Instead, Alabama Power argues that contingencies with non-parties show why Baykeeper's alleged harms will not likely be redressed by the judicial relief requested.  ADEM and EPA must make permitting and NOPV decisions *before* the judicial relief requested—an order ensuring that "Alabama Power **files** a closure plan" (Doc.1-Pg.17) (emphases added)—might result in revisions to the existing closure plan that could then be implemented and could thus potentially redress any alleged injury.  *See Clapper v. Amnesty Internat'l, USA,* 568 U.S. 398, 414 (2013) ("We decline to abandon our usual reluctance to endorse standing theories that rest on speculation about the

1901 Sixth Avenue North
Suite 1500
Birmingham, AL 35203-4642
balch.com

P.O. Box 306
Birmingham, AL 35201

ALABAMA | FLORIDA | GEORGIA | MISSISSIPPI | TEXAS | WASHINGTON, DC

Mr. David J. Smith, Clerk of Court
September 14, 2025
Page 2

decisions of independent actors."). And, of course, Baykeeper's complaint does not contain any allegations about the likelihood of ADEM's and EPA's future decisions on implementation of any closure plan. *See Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 933-34 (11th Cir. 2020).

Second, Baykeeper contends that this Court should assume that the existing closure plan violates the CCR Rule. But that does not change any of the contingencies, including the contingency that ADEM and EPA, as non-parties beyond the jurisdiction of the District Court, may accept the existing plan or come up with a new closure plan that does not redress Baykeeper's alleged harm.

Third, Baykeeper argues that its claims are ripe because it will suffer the hardship of ongoing alleged impacts if judicial review is delayed. But delaying judicial review until the implementation contingencies are resolved will not affect alleged ongoing impacts. Until ADEM and EPA resolve the permitting and NOPV contingencies, alleged ongoing impacts will continue *regardless* of a District Court decision ordering Alabama Power to "file[]" a new plan. (Doc.1-Pg.17.)

        Respectfully submitted,

        /s/ *Ed R. Haden*

        Ed R. Haden
        *One of the Attorneys for Appellee*
        *Alabama Power Company*

ERH:vk

cc: Counsel of Record (via CM/ECF)

***Certificate of Compliance:*** According to the word-count function in Microsoft Word, the body of this letter contains 349 words.